## Philadelphia *v.* Vautier.

*Municipal lien—Apportionment—Transfer of cemetery lots.*

The sale of burial lots in a cemetery, whatever title may be said to pass by the paper writing held by the lot owners, does not create such a subdivision of the land as is contemplated by the Act of May 22, 1869, P. L. 477, which provides for apportionment of a municipal lien.

Argued Oct. 9, 1900. Appeal, No. 33, Oct. T., 1900, by defendant, in suit of City of Philadelphia to use of David France against Andrew M. Vautier, Trustee for Passyunk Baptist Church, from order of C. P. No. 2, Phila. Co., Dec. T., 1895, No. 100, M. L. D., refusing petition to apportion municipal lien. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Petition to apportion a sewer claim for $199.80. Before the court in banc.

ABSTRACT OF THE PETITION AND ANSWER.

The petition sets forth the conveyance of a lot of ground to the First Baptist Church of Passyunk, the erection of a church in the rear of the lot and the conveyance of the remainder of the lot in fee, to certain lot owners named, for burial lots; the filing of a municipal claim for a sewer, and a prayer to have the claim apportioned under the act of March 22, 1869.

The answer of the use plaintiff avers that the title of record to the whole lot is still in the First Baptist Church of Passyunk; that the deeds to the burial lots have not been recorded; and that the deeds for these lots convey only a license or permit for burial purposes, and that the assessment was properly made against the whole lot.

The court below refused the prayer of the petition. Petitioner appealed.

*Error assigned* was the refusal of the court to allow the prayer of the petition.

*W. S. Roney*, for appellant.—The church asks that the claim be awarded and apportioned among the several lots, under the provisions of the Act of March 22, 1869, P. L. 477.

The estate conveyed by these words is not that of a pew holder, and the distinction is pointed out in Daniel v. Wood, 18 Mass. 102, and in Gay v. Baker, 17 Mass. 435. Nor is it the right or title possessed by one who is the holder of "an interment permit," as in Kincaid's App., 66 Pa. 411; nor of a holder of "a license or privilege to inter in the churchyard,". as in Craig v. First Presbyterian Church, 88 Pa. 42; of the "exclusive and entire right of interment or sepulture, in all and every of those burial lots in the Philadelphia Cemetery," as in Hancock v. McAvoy, 151 Pa. 460; of "a certificate of ownership, not under seal nor acknowledged," as in Partridge v. First Independent Church of Baltimore, 39 Md. 631; of "a deed to a tomb or vault under the church," as in Sohier v. Trinity Church, 109 Mass. 1; of "the right to use the lot for the purpose of interments," as in Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 593.

These are all, at the most, mere easements, and convey no title to the soil itself, and this distinction, which is the crucial

one in the present case, has been pointed out in numerous cases, and the absence of such title has been put as the ground of the decision.

The language of the deed in the present case puts it on all fours with In re Petition of Brick Presbyterian Church for leave to sell (3 Edw. Ch. Rep. [N. Y.] 155), where the church had granted a number of vaults in the churchyard to grantees by deeds of lease and release, and to others by leases for 999 years.

Under the distinctions laid down, especially in Pennsylvania, it would seem that the church has parted with the title to the soil of the lots and the claim should be apportioned.

In Commonwealth v. Mount Moriah Cemetery Assn., 10 Phila. 385, upon an application for a mandamus to compel an interment the court granted the mandamus upon the very ground that the relators had a fee simple and not an easement, and the Supreme Court in 81 Pa. 235, affirmed the judgment.

*Chas. S. Wagoner*, with him *John L. Kinsey*, city solicitor, for appellee.—The right of the owners of the burial lots consist merely of an easement, and it was never contemplated that the right to demand an apportionment under the act of March 22, 1869, extended to such a case.

The title that an owner has in a cemetery lot is an easement: Jacobs v. Cemetery Assn., 1 Pa. Superior Ct. 156 ; Washburn on Easements (4th ed.), 682.

The cases go so far as to say even if the deed contains the words " heirs and assigns forever," the grant is an easement in and not a title to the freehold: Richards v. Northwest Protestant Dutch Church, 32 Barb. (N. Y.) 42; Sohier v. Trinity Church, 109 Mass. 1 ; Buffalo Cemetery v. City of Buffalo, 46 N. Y. 503; Price v. M. E. Church, 4 Ohio, 515.

Therefore, if the lien would be apportioned among the lot owners, it would be impossible for the appellee to realize his money.

In the case of Hutchinson v. Pittsburg, 72 Pa. 320, decided in 1872, it was held that an assessment against a tract of ground which had been divided by the owner into smaller lots, no record of the same being on the city plan, could not be apportioned as against smaller lots.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

This is a petition praying for the apportionment of a municipal claim. It is presented pursuant to the provisions of the act of March 22, 1869, which provides, inter alia, that when "it shall appear by affidavit of claimant or defendant, or other proper evidence, that" the lot against which the lien is filed, "in fact consists of two or more lots belonging to different persons," an apportionment shall be permitted. The petitioners are the board of trustees of the First Baptist Church of Passyunk. The only recorded title to the lot against which the claim is filed is in the First Baptist Church of Passyunk. A part of the lot is occupied by the church buildings. The balance of it has been converted into a cemetery. Cemetery lots were sold by the church to a number of persons. The unrecorded documents of title, delivered to the purchasers of lots, recite that the church grants, bargains and sells unto the grantees, their heirs and assigns, a certain lot or piece of ground, indicated on a certain map or plan, together with the ways, rights and privileges thereunto belonging, to have and to hold the same unto the said grantees, their heirs and assigns, forever, "as a cemetery or burial place, upon the terms and conditions limitations and restrictions mentioned and contained in a certain schedule indorsed hereon and for no other purpose whatever."

The appellant contends that by this form of document the lot owners in the cemetery acquired an interest in the land; that thereby they became owners of parts of the lot against which the claim has been filed, and that among them, and the petitioner the claim should be apportioned. Research and ability are evinced by the brief of appellant's counsel in the discussion of the character of the title acquired by lot owners in cemeteries. It does not seem to us necessary, however, to enter upon this discussion in this case. Assuming, for the purposes of this decision, that the paper writing held by the lot owners conveyed an interest in the soil, is the ownership thus created of a kind contemplated by the act of 1869? By the writing there is a definite circumscription of the use. The lot is to be used as a cemetery or burial place and for no other purpose whatever. Again, the ownership is restricted by such conditions, limitations and restrictions as are contained in the schedule indorsed on the document. The schedule shows that the

church retains the care and management of the cemetery within its own control or that of its appointees. It retains the power to assess for the maintenance of the cemetery in good order, and in this connection reserves the right "generally to do all such matters and things as may be reasonable in the premises." The right is also reserved to make the expense of keeping the vaults in repair a lien upon the lots. The lot owner is deprived of the use of the lot as a burial place so long as such assessments remain unpaid, and if the default in payment continues for ten years, the lot reverts to the church. Power of alienation is limited by invalidating transfers unless recorded on the books of the treasurer. In view of these restrictions upon the ownership, which are incorporated in the document forming the foundation of the title of the lot owners, it is apparent that whatever the title may be technically called, a purchaser of a lot at private sale, or a vendee of the sheriff under a sale upon a municipal claim, will acquire property which will be in effect a right of sepulture. The act of 1869, was passed for the convenience and protection of the owners of lots against which liens are filed. Its provisions, however, cannot be successfully invoked where their application will result in manifest injustice to the lien claimant. He is entitled in this case to his lien upon every part of the whole lot. This is conceded by the making of this application to apportion. Here, if apportionment be granted, it is apparent that his rights will be invaded. As to part of his claim, he will, in effect, be relegated to a right of sepulture for security.

We are of opinion that this is not a case within the contemplation of the act of assembly.

The judgment is affirmed.